Argued and submitted February 17, order of commitment reversed; remanded for
redisposition; otherwise affirmed September 22, 2004

In the Matter of
Charles Harris Strothers, IV, a Youth.

STATE ex rel JUVENILE DEPARTMENT
OF MARION COUNTY,
*Respondent,*

*v.*

Charles Harris STROTHERS, IV,
*Appellant.*

J010238; A117443

97 P3d 1276

———

Steven H. Gorham argued the cause and filed the brief for appellant.

Robert B. Rocklin, Assistant Attorney General, argued the cause for respondent. With him on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Before Edmonds, Presiding Judge, and Wollheim and Schuman, Judges.

WOLLHEIM, J.

**WOLLHEIM, J.**

Youth appeals a judgment by the juvenile court declaring him to be within its jurisdiction for committing acts that, if committed by an adult, would constitute first-degree rape, ORS 163.375, and first-degree sexual abuse, ORS 163.427. Youth challenges the sufficiency of the evidence and the juvenile court's determination committing him to the legal custody of Oregon Youth Authority (OYA) until the age of 25. We review the facts of juvenile proceedings *de novo* and legal issues for errors of law. ORS 419A.200(6)(b); *State ex rel Juv. Dept. v. O'Farrell*, 191 Or App 627, 629, 83 P3d 931 (2004).

In August 2000, while youth was 11 years old, he visited his cousin. While there, youth allegedly committed acts against his cousin's six year-old daughter that would constitute, if committed by an adult, first-degree rape and first-degree sexual abuse. The victim was evaluated and interviewed by a nurse practitioner and by a counselor, both of whom have experience with children who have allegedly been sexually abused. Both youth, now 12 years old, and the victim testified at the hearing. At the conclusion of the hearing, the juvenile court expressly found the victim's testimony credible. The juvenile court concluded that the state had proved its case beyond a reasonable doubt on both counts. At the dispositional hearing, the juvenile court determined youth to be a "youth offender" and committed him to the legal custody of OYA until the age of 25.

We reject youth's challenge to the sufficiency of the evidence without further discussion. But, for reasons that we explain below, we reverse the juvenile court's order committing youth to OYA until the age of 25.

In determining youth to be a youth offender and committing him to OYA until the age of 25, the juvenile court relied on ORS 419A.004(33) (2001), which defines a "youth offender" as "a person *at least 12 years* of age who has been found to be within the jurisdiction of the juvenile court under ORS 419C.005 for an act *committed when the person was under 18 years of age*." (Emphasis added.) Or Laws 2001, ch 485, § 3. ORS 419C.478(1) (2001) authorizes the juvenile

court to commit a youth offender to the legal custody of the OYA.[1]

Youth argues that the juvenile court should have applied ORS 419A.004(33) (1999) because he committed the acts before the 2001 statutory amendments went into effect. ORS 419A.004(33) (1999) defined a "youth offender" as "a person who has been found to be within the jurisdiction of the juvenile court under ORS 419C.005 for an act *committed by the person when the person was at least 12 years of age* and under 18 years of age." (Emphasis added.) Because youth committed the acts in 2000, when he was 11 years old, he argues that application of the 2001 amendments to ORS 419A.004(33) violate the *ex post facto* clauses of both the state and federal constitutions.[2]

We recently decided a similar issue in *State ex rel Juv. Dept. v. Nicholls*, 192 Or App 604, 87 P3d 680 (2004). In *Nicholls,* we held that subsequent amendments that are substantive in nature, rather than remedial, do not apply retroactively unless the legislature clearly states otherwise. *Id.* at 613-14. The youth in *Nicholls* asserted that the 1995 statutory amendments to the juvenile code, extending the OYA's custody over "youth offenders" from the age of 21 to the age of 25, could not be applied to him without violating state and federal *ex post facto* prohibitions. We did not reach the constitutional argument, holding instead that, because there was no indication from the text or legislative history as to whether the statutory amendment was intended to apply retroactively and because it was substantive in nature, it was intended to be applied prospectively only. *Id.* In *Nicholls*, we explained that, "[w]hen the effect is to change the legal consequences that attach to past actions, we presume that the

---

[1] ORS 419C.478(1) (2001) provides:

"When a youth has been found to be within the court's jurisdiction under ORS 419C.005, the court may, in addition to probation or any other dispositional order, place the *youth offender* in the legal custody of the Oregon Youth Authority for care, placement and supervision or, when authorized under subsection (3) of this section, place the youth offender in the legal custody of the Department of Human Services for care, placement and supervision."

[2] Article I, section 21, of the Oregon Constitution provides, in part, that, "[n]o *ex post facto* law * * * shall ever be passed * * *." Article I, section 10, of the United States Constitution provides, in part, that "[n]o state shall * * * pass any * * * *ex post facto* [l]aw * * *."

legislature intended the change to be prospective only." *Id.* at 614.

The same analysis applies in this case. We hold that the juvenile court erred in applying the 2001 amendments to youth because they were not intended to apply retroactively. Therefore, youth should have been adjudicated under ORS 419A.004(33) (1999). Under that statute, youth did not qualify as a youth offender because he was only 11 years of age when he committed the acts, and the statute required that he be 12 years of age. As in *Nicholls*, we resolve this case without reaching the constitutional question.

Order of commitment reversed; remanded for redisposition; otherwise affirmed.